United States District Court
Southern District of Texas
FILED

JAN 1 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| YOLANDA RAYNER, <br> Plaintiff, | * <br> * <br> * |
| v. | *    CIVIL ACTION No. B-00-145 |
| | * |
| UNITED STATES OF AMERICA, <br> Defendant. | * <br> * |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, defendant herein, by and through Mervyn M. Mosbacker, United States Attorney for the Southern District of Texas, files this its answer to Plaintiff's Complaint and respectfully shows unto the Court as follows:

### A. INTRODUCTION

1. Defendant admits the allegations raised in this section with the exception that the United States Border Patrol, United States Immigration and Naturalization Service, and Shawn D. Henderson are proper defendants. The United States of America is the only proper defendant for this cause of action as indicated by this Court's order of December 14, 2000.

### B. JURISDICTION AND VENUE

2. Admit.

3. Admit.

### [D]. PARTIES

4. Admit.

5. Deny that the United States Border Patrol is a proper Defendant. Note this Court's order of December 14, 2000.

6. Deny that the United States Immigration and Naturalization Service is a proper Defendant. Note this Court's order of December 14, 2000.

7. Deny that Shawn David Henderson is a proper Defendant. Note this Court's order of December 14, 2000. Admit that Shawn D. Henderson was a United States Border Patrol Agent at the time of the events alleged in the complaint.

### E. Presentment of Claim

8. Admit.

### F. Claim for Relief

9. Admit that on January 15, 2000, Plaintiff, while riding her bicycle, collided with a government owned vehicle being operated by Shawn D. Henderson during the course and scope of his employment. Admit that this collision occurred at or near the location identified. All other allegations are denied.

10. Admit.

11. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

12. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

13. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

14. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2

It is affirmatively alleged that plaintiff's petition fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, it is affirmatively alleged that the injuries and/or property damages alleged in the petition were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

## THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that any and all injuries and damages allegedly suffered by the plaintiff were caused by plaintiff's own negligence, acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that plaintiff's injuries and/or property damages, if any, are the result of the contributory negligence of plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiff has not suffered the alleged damages claimed by the plaintiff in her petition.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiff recover, if any, in this action is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. §2675(b).

## SEVENTH AFFIRMATIVE DEFENSE

3

As a separate and complete defense hereto and waiving none of the above, plaintiff is not entitled to attorney's fees against the United States pursuant to 28 U.S.C. §2678 which provides no attorney shall charge for services rendered, fees in excess of 25% of any judgment or settlement made in this FTCA case.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiff is not entitled to pre-judgment interest under the Federal Tort Claims Act. See 28 U.S.C. 2674.

WHEREFORE, PREMISES CONSIDERED, the defendant prays that the plaintiff take nothing by her suit, that the suit be dismissed with prejudice, and that the defendant have such other and further relief to which it may be entitled.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the Defendant's Answer to Plaintiff's Complaint was hand delivered to Plaintiff's counsel, Juan Magallanes, at the United States Attorney's Office on January 11, 2001.

NANCY L. MASSO
Assistant United States Attorney