2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| YOLANDA RAYNER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B00-145 |
| | § | (636 (c)) |
| UNITED STATES OF AMERICA | § | |

## PLAINTIFF'S PRETRIAL ORDER

### Introduction

Pursuant to the Court's February 28, 2001, Scheduling Order, and Appendix B of the Local

Rules to the United States District Court Southern District of Texas, Plaintiff's submit their Pretrial

Order.

### 1. APPEARANCE OF COUNSEL

J. A. Magallanes
Texas Bar No. 12809500
Federal I.D. No. 2258
Carlos Escobar
Texas Bar No. 24025351
Federal I.D. No. 25649
MAGALLANES, HINOJOSA & MANCIAS, P.C.
1713 Boca Chica Blvd
Brownsville, Texas 78520
(956) 544-6571 - voice
(956) 544-4290 - fax
Attorneys for Plaintiff

Nancy L. Masso
Assistant United States Attorney
Texas Bar No. 00800490
Federal I.D. No. 10263
600 E. Harrison St., No. 201
Brownsville, Texas 78520
(956) 548-2554 - voice
(956) 548-2549 - fax

## 2. STATEMENT OF THE CASE

This lawsuit arises out of an automobile - pedalcyclist collision which occurred on January 15, 2001. Specifically, U.S. Border Patrol Agent Shawn David Henderson while operating a 1984 Chevy Pick up truck, owned by the United States Government, struck Plaintiff Yolanda Rayner while she was riding her bicycle on the shoulder of highway 281.

As a result of the collision, Plaintiff sustained severe physical injuries and mental anguish. Subsequently, Plaintiff Yolanda Rayner sued the United States for the injuries she sustained in the above collision.

Defendant United States denies and contests liability.

## 3. JURISDICTION

This Court has original jurisdiction of Plaintiff's claim pursuant to 28 U.S.C.§1 346(b)(1) in that it is a civil action on claims against the United States for money damages caused by the negligent act of an employee of the Government while acting within the course and scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the State of Texas, where the act or omission occurred. See also, 28 U.S.C. 2671, et seq.

## 4. MOTIONS

There are no pending motions.

## 5. CONTENTION OF THE PARTIES

### PLAINTIFF'S CONTENTIONS:

(a)     **NEGLIGENCE -** Plaintiff would show that, at all time material hereto, Defendant United States Border Patrol and United States Immigration and Naturalization Service, by and through Defendant Shawn David Henderson acting within the course and scope of his employment, failed to exercise ordinary care in the following respects:

a)      in failing to maintain a proper lookout;

b)      in failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

c)      in failing to apply the brakes to his vehicle in order to avoid the collision in question;

d)      in driving his vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

e)      in failing to turn his vehicle in an effort to avoid the collision in question; and/or

f)      in failing to sound his horn.

Each of the foregoing acts or omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries.

Also please refer to Plaintiff's Complaint on file with the Court and incorporated herein by reference for all purposes.

**(b)**     **DAMAGES -** The law entitles Plaintiff Yolanda Rayner to recover for the following damages she has suffered as a result of the accident in question:

a)      The reasonable cost for necessary medical treatment and care Plaintiff has received in the past for the treatment of her injuries;

b)      The reasonable cost for necessary medical treatment and care which Plaintiff in reasonable probability will need in the future for the treatment of her injuries;

c)      The physical pain which Plaintiff has suffered in the past and up to the time of trial;

d)      The physical pain which Plaintiff in all reasonable probability will suffer in the future for the rest of her life as a result of her injuries;

e)      The mental anguish which Plaintiff has suffered in the past and up to the time of the trial in this case;

f)      The mental anguish which Plaintiff in all reasonable probability will suffer in the future for the rest of her life as a result of her injuries;

g)      The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff has suffered in the past and up to the time of trial; and

h)      The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of her life.

Plaintiff is entitled to be compensated for these actual damages in an amount exceeding the minimum jurisdictional limits of the Court.

Also please refer to Plaintiff's Complaint on file with the Court and incorporated herein by reference for all purposes.


## DEFENDANT'S CONTENTIONS:

A.      Comparative Liability/Contributory Negligence

The United States contends that the negligent conduct on the part of the Plaintiff significantly contributed to the cause of the accident at issue.

At trial, the United States will show that the Plaintiff was riding her bicycle against traffic (i.e. the left curb or edge of the roadway); Texas law requires that Plaintiff ride her bicycle "as near as practicable to the right curb or edge of the roadway...". TEX. TRANSP. CODE ANN. §555.103 (Vernon 1999). As a consequence, Border Patrol Agent Shawn Henderson could not see Plaintiff. Further, the United States will show that Plaintiff did not maintain a proper lookout and hence contributed to the cause of her injuries herein.

B.      Damages

The United States submits that the Plaintiff's level of responsibility for this accident is greater than 50%. Therefore, Plaintiff cannot recover any damages from the United States. TEX. CIV. PRAC. & REM. CODE, §33.001 (Vernon's 1997).

Alternatively, the United States submits that should the Court find that the Plaintiff was less than 50% responsible for her injuries, that the Court, as the trier of fact, must reduce the amount of damages awarded "by a percentage equal to the [Plaintiff's] percentage of responsibility." TEX. CIV. PRAC. & REM. CODE, §33.012 (a) (Vernon's 1997).

## 6. ADMISSIONS OF FACT

Please refer to Defendant's answers to Plaintiff's Interrogatories attached hereto and incorporated by reference herein for all purposes.

**INTERROGATORY NO. 2:** Identify by name, address and telephone number all persons who witnessed the accident in question; came upon the scene of the accident which occurred on January 15, 2000, at the intersection of U.S. 281, in Brownsville, Cameron County, Texas, after it occurred

or who have knowledge of any facts concerning said accident or who have knowledge of any damages alleged by Plaintiff and identify the facts known to such person.

**ANSWER:**

Shawn Henderson also recalls that Department of Public Safety Trooper Andres Garcia arrived on the scene and at the time of the accident. There was a truck in the area with he believes contained a driver and a passenger which might have seen the accident. He also states there my have been additional Border Patrol Agents responding to the accident but he does not recall other than those named above.

**INTERROGATORY NO. 4:** Identify any mechanical or other defects on the vehicle David Shawn Henderson was driving which was involved in the accident in question or any of its equipment prior to the accident in question, or any pre existing defects observed in any other vehicle involved in the accident in question, which you believe may have contributed to the accident.

**ANSWER:**

Mr. Henderson was aware of no defects other than that the air conditioner may not have been working properly

**INTERROGATORY NO. 5:** Please state when David Shawn Henderson first became aware of the bicycle ridden by Plaintiff Yolanda Rayner and what David Shawn Henderson did to avoid the accident in question.

**ANSWER:**

Mr. Henderson states he first saw the Plaintiff form the vantage point of the right side of the middle line on the hood of the truck. He applied the brakes on the truck however the Plaintiff hit the truck at the point on the center of the middle line on the hood. He states he did not think she saw the truck as she lifted her head and swerved but hit the truck immediately.

**INTERROGATORY NO. 6:** If you claim that the accident in question resulted from the Plaintiff Yolanda Rayner's own lack of care or the lack of care of another person, please set forth fully and specifically the facts on which you rely for the claim.

**ANSWER:**

Mr. Henderson states that this recollection was that the Plaintiff was riding on the wrong side of the road, had headphones on which made him think she could not hear the truck, thinks she was riding with her head down and had very dark sunglasses on.

**INTERROGATORY NO. 7:**  Prior to the accident in question (e.g. within 30 seconds) describe in detail the exact circumstances leading up to said accident, including speed, distance, and location of all vehicles involved directly or indirectly in the accident in question.

**ANSWER:**

Mr. Henderson states that he was driving from the levee up to Highway 281 and came to a stop at the intersection.  He looked right and a car went by.  He looked left and one vehicle passed, then the truck which he thought might have seen the accident.  He looked back left and a car had just made the bend in the road.  He turned onto the road and the Plaintiff was immediately in front of him.  He did not see the Plaintiff until she was right in front of him.  The car was not going any faster than 8-12 miles per hour.  He did not make a complete turn as there were tire marks on the shoulder.

**INTERROGATORY NO. 8:**  With reference to the fifteen hour period immediately prior to the accident in question, identify all activities in which David Shawn Henderson recall engaging together with the approximate time and place of each, and the amount and type of any alcoholic beverage, or medication, or drug, of any type, consumed by David Shawn Henderson.

**ANSWER:**

For the first 6 to 7 hours Mr. Henderson states he was sleeping.  He arose at approximately 4:30 am, showered, shaved, put on his uniform, packed his lunch and left for work at approximately 5:00 am or 5:15 am.  He arrived at work at approximately 5:45 a.m., does not recall exactly what he did but may have talked to some co-workers, attended muster from 6:00 am to 6:30 am, then went to relieve the other shift.  He recalls an Agent called from Zone 6 of the Brownsville Station because of concern for the operation of one light unit.  He worked on the servicing of the lights in the area except for stopping to eat his lunch from approximately 11:30 to 12:00.  He took no medications of any kind and drank no alcohol of any kind.

**INTERROGATORY NO. 9:**  Identify in full any conversation(s) that David Shawn Henderson had or overheard from Yolanda Rayner and any persons who claim to have witnessed any such conversation including the time, circumstance and contents of the conversation(s).

**ANSWER:**

Mr. Henderson states he tried to comfort the Plaintiff, she was bleeding and said her arm hurt, he told her not to move, he stopped traffic, called for the EMS and Agent Sanderlin.  He does not recall overhearing any conversations other than the EMS personnel asking the Plaintiff where she was hurt.

**INTERROGATORY NO. 10:**  Please state in David Shawn Henderson's own words how the accident in question occurred.

**ANSWER:**

Please see the answer to request No. 7

**INTERROGATORY NO. 11:**  Where did David Shawn Henderson go first after leaving the scene of the accident in question, and how was David Shawn Henderson taken there?

**ANSWER:**

Mr. Henderson states he returned to the Brownsville Station and that he thinks either David Harris or Robert Conde drove him there.

**INTERROGATORY NO. 12:**  Identify all circumstances concerning the trip in which David Shawn Henderson was engaged at the time of the accident in question, including the purpose of the trip, the identity of the time and place of departure, interim stops, and destination, as well as the identity of any persons that accompanied David Shawn Henderson on any portion thereof.

**ANSWER:**

Mr. Henderson states that he left the Brownsville Station somewhere between 6:45 and 7:30 am depending on the amount of paperwork he had to do first that day.  He stopped to fuel up the truck and later stopped to get a sandwich.  He went to the levee area to work on the lights and made no other stops between going on duty and the accident.

**INTERROGATORY NO. 13:**  If at the time of the accident in question David Shawn Henderson was acting on behalf of any other person or business, or engaged in a mission or errand for any other person or business, identify such person or business and the nature of your relationship with that person or business entity.

**ANSWER:**

Mr. Henderson was performing his duties for the immigration and Naturalization Service, U.S. Border Patrol and the relationship was employee/employer.

**INTERROGATORY NO. 14:**  Please state whether David Shawn Henderson has ever had his motor vehicle operator's license suspended or revoked or withdrawn by a licensing authority and if

yes, please state when and the circumstances and reasons for such suspension, withdrawal, or revocation.

**ANSWER:**

No.

**INTERROGATORY NO. 15:** Identify the location of all other vehicles in each lane of travel of which David Shawn Henderson was aware just prior to the accident between the motor vehicle David Shawn Henderson was driving and the bicycle ridden by Plaintiff Yolanda Rayner.

**ANSWER:**

Mr. Henderson states that there were no other vehicles in the lane of travel as he was turning a corner onto the highway and was still partly on the shoulder.

**INTERROGATORY NO. 17:** Identify any legal accident, including, but not limited to, traffic citations, criminal charges, or lawsuits in which David Shawn Henderson has been involved during the last fifteen (10) years. Please include the date(s), type(s) of any such legal accident(s) and/or traffic citation(s), identity of the Court(s) and the final disposition(s) of each.

**ANSWER:**

In the past 15 years Mr. Henderson has had one speeding ticket in Alamogordo, New Mexico and paid a fine and another speeding ticket at Ft. Hancock, Texas. He also bumped into the back of a woman's car when she slammed on her brakes due to the car in front of her doing the same thing. He was not cited for this.

**INTERROGATORY NO. 18:** Describe completely the length and nature of David Shawn Henderson's experience operating the vehicle he was driving at the time of the accident in question including the frequency of David Shawn Henderson's use of it and the particular circumstances of David Shawn Henderson's using it at the time of the accident in question including any restrictions of any type which were placed upon David Shawn Henderson's use of this vehicle by its owner, and identify completely David Shawn Henderson's relationship with the owner.

**ANSWER:**

There were no restrictions placed on the use of the vehicle other than it was to be used in the course and scope of Mr. Henderson's assigned duties for that day. His relationship to the owner was that of employer/employee. Mr. Henderson has driven that type of vehicle since he obtained his driver's license as one was owned by his family. He states it is a very common 3/4 ton Chevrolet pick-up truck with the only difference being this one has tanks on the back for the light unit fuel.

He had driven this vehicle as far as he recalls every work day for approximately a month before the accident.

**INTERROGATORY NO. 19:** For any previous traffic citation David Shawn Henderson has received or any accident in which David Shawn Henderson has been involved as the operator of any motor vehicle, identify all circumstances involved including, but not limited to, precise date, location, other parties involved, if any, the law enforcement entity involved (e.g. which investigated the accident and/or issued any citation).

**ANSWER:**

There was no citation in the accident in El Paso. The speeding ticket in Alamogordo, New Mexico was given by the Alamogordo Police Department as far as Mr. Henderson recollects and a fine was paid. The ticket in Ft. Hancock, Texas, he believes was issued by the Department of Public Safety and also resulted in a fine. He does not recall the dates of any of these incidents but states the Ft. Hancock ticket was about 11 years ago when he was approximately 18 years old and the Alamogordo ticket was about 5 years ago when he was about 24 years old.

**INTERROGATORY NO. 20:** Identify how David Shawn Henderson's visibility was impaired to any degree by anything at the scene of the accident in question or immediately prior thereto, and the degree and length of any such impairment.

**ANSWER:**

Mr. Henderson states he wears glasses. He states there were trees on the right and left as he recalls and he also believes there was a row of telephone poles on the right which could have impaired his vision.

**INTERROGATORY NO. 21:** Please describe the length and nature of David Shawn Henderson employment with U. S. of America including David Shawn Henderson's positions held with the company, times David Shawn Henderson had these positions, attendant job duties, name(s) of immediate supervisors and list any demotion(s) and/or criticism(s) given to David Shawn Henderson as an employee of U.S. of America. If David Shawn Henderson's employment with U.S. of America has ever been terminated please state when and the reasons for any such termination.

**ANSWER:**

Mr. Henderson was employed by the U.S. Border Patrol from April 12, 1998 to October 12, 2000, when he resigned to move to El Paso, Texas, due to severe allergies his son was experiencing in the Rio Grande Valley. He was never the subject of any criticism or disciplinary action. Mr. Henderson was under the supervision of Patrol Agent in Charge Ernesto Castillo and various first, second and third line supervisors at various times while at the Brownsville Station.

**INTERROGATORY NO. 22:** Please state if David Shawn Henderson sustained any injuries as a result of the accident in question.

**ANSWER:**

Mr. Henderson had no physical injuries but was emotionally upset by the accident.

**INTERROGATORY NO. 23:** Please state the speed at which the vehicle operated by David Shawn Henderson was traveling at immediately prior to the accident in question occurred.

**ANSWER:**

8 to 12 mph.

**INTERROGATORY NO. 24:** Please state what, if any, action David Shawn Henderson could have taken to avoid the accident in question.

**ANSWER:**

None.

**INTERROGATORY NO. 25:** Please state whether the vehicle being driven by David Shawn Henderson on the day in question received any damage and if so, describe the general area of the damage and if repaired, where it was repaired and the cost of such repair.

**ANSWER:**

There was a quarter sized chip in the paint on the hood of the truck and a small dent where the paint was chipped.

**INTERROGATORY NO. 26:** Please state whether David Shawn Henderson had been at the location of the accident on previous occasions and state whether David Shawn Henderson had operated his vehicle in the same manner as the did on the day of the accident prior to the accident occurring.

**ANSWER:**

Mr. Henderson had been to the site before and operated his vehicle in the same manner.

**INTERROGATORY NO. 27:** Please state what training David Shawn Henderson received in the area of pursuit and apprehension of illegal immigrants and further state, if David Shawn Henderson was engaged in pursuit and apprehension of illegal immigrants at the time of the accident.

**ANSWER:**

Mr. Henderson was not apprehending aliens at the time of the accident but was hauling fuel for the light units.

Also, please refer to Defendant United States Rule 26 Disclosure Notification Answers attached hereto and incorporated by reference herein for all purposes.

Also, please refer to anticipated deposition testimony of

(1)  Shawn Henderson - Border Patrol Agent involved in accident;
(2)  Stephen L. Hill - Assistant Chief Patrol Agent;
(3)  Juan Buentello - Supervisory Border Patrol Agent;
(4)  James R. Sanderlin - Supervisory Border Patrol Agent;
(5)  John Gunnoe - Supervisory Boarder Patrol Agent;
(6)  Ashley Taylor - Border Patrol Agent;
(7)  Juan Lopez - Assistant Patrol Agent in Charge; and
(8)  Jose E. Garza - Chief Patrol Agent; and

## 7.  CONTESTED ISSUES OF FACT

(1)  Whether Plaintiff maintained a proper lookout.

(2)  Whether Border Patrol Agent Shawn Henderson maintained a proper lookout.

(3)  Whether--and to what degree-- Plaintiff's conduct on the day of the accident contributed to the cause of the accident.

(4)  Whether--and to what degree--Border Patrol Agent Shawn Hendersons on the day of the accident contributed to the cause of the accident.

## 8.  AGREED PROPOSITIONS OF LAW

(1)  Texas law requires that "...a person operating a bicycle on a roadway who is moving slower than other traffice on the roadway shall ride as near as practicable to the right curb of the roadway...". TEX. TRANSP. CODE ANN. §551.103 (Vernon 1999).

(2)     The Plaintiff cannot recover any damages from the United States should this Court determine that Plaintiff's level of responsibility for this accident be greater than 50%,. TEX. CIV. PRAC. & REM. CODE, §33.001 (Vernon's 1997).

(4)     Should the Court find that the Plaintiff was less than 50% responsible for her injuries, that the Court, as the trier of fact, must reduce the amount of damages awarded "by a percentage equal to the [Plaintiff's] percentage of responsibility." TEX. CIV. PRAC. & REM. CODE, §33.012 (a) (Vernon's 1997).

## 9. CONTESTED PROPOSITIONS OF LAW

(1)     An excused violation of a legislative enactment is not negligence.  See Impson et al. v Structual Metal, Inc., 487 S.W.2d 694 (Tex. 1972); Murry v O & A Express, Inc. at al., 630 S.W.2d 633 (Tex. 1982); Piatt v Welch, 974 S.W.2d. 786 (Tex. App. El Paso 1998, no pet).

(2)     Compliance with the law would involve a greater risk of harm to the actor or to others.  See Impson et al. v Structual Metal, Inc., 487 S.W.2d 694 (Tex. 1972); Murry v O & A Express, Inc. at al., 630 S.W.2d 633 (Tex. 1982); Piatt v Welch, 974 S.W.2d. 786 Tex. App. El Paso 1998, no pet).

## 10. EXHIBITS

1.     Plaintiff's Medical records and billing along with affidavits from the City of Brownsville EMS, 954 E. Madison Street, Brownsville, Texas 78522

2.     Plaintiff's Medical records and billing along with affidavits from Brownsville Medical Center, 1040 West Jefferson, Brownsville, Texas 78520.

3.     Plaintiff's Medical billing along with affidavit from William McKinney, M.D., Brownsville Radiology, 820 W. Price Rd., Ste. A, Brownsville, Texas 78520.

4.     Plaintiff's Medical billing along with affidavit from Anant k. Utturkar, M.D., 2390 Central Blvd., Ste. Y, Brownsville, Texas 78520.

5.     Plaintiff's Medical records and billing along with affidavits from Tanner Emergency Physicians, P.O. Box 41651, Philadelphia, PA 19101-1651.

6.     Plaintiff's Medical records and billing along with affidavits from Startex Medical Services, 4121 North 10TH Street, Brownsville, Texas 78520.

7.     Plaintiff's Medical records and billing along with affidavits from William J. Elkins, M.D., 800 W. Jefferson #230, Brownsville, Texas 78520.

8.   Plaintiff's Medical records and billing along with affidavits from Marcos Reis, M.D., 864 Central Blvd., Ste. 700, Brownsville, Texas 78520.

9.   Plaintiff's Medical records and billing along with affidavits from Luis M. Garcia, M.D., 2390 Central Blvd., Ste. M, Brownsville, Texas 78520.

10.  Plaintiff's Medical records and billing along with affidavits from Roberto Lozano, M.D., 844 Central Blvd., Ste. 330, Brownsville, Texas 78520.

11.  Plaintiff's Medical records and billing along with affidavits from Bangalore Lakshmikanth, M.D., 315 Jose Marti Blvd., Brownsville, Texas 78521.

12.  Plaintiff's Medical records and billing along with affidavits from Brownsville Physical Therapy, 1714 Boca Chica Blvd., Brownsville, Texas 78520.

13.  Plaintiff's Medical records and billing along with affidavits from Jose Kuri,

14.  Plaintiff's Medical records and billing along with affidavits from Rio Grande Valley Imagining,

15.  Plaintiff's Medical records and billing along with affidavits from Richardo Adobbati, M.D., 1134 Los Ebanos Blvd., Brownsville, Texas 78520

16.  Plaintiff's Medical billing along with affidavit from Dr. Bruce Berberian,

17.  Plaintiff's Medical records and billing along with affidavits from Brownsville Open MRI, 908 Paredes Line Road, Brownsville, Texas 78521.

18.  Plaintiff's medical/pharmacy records and/or billing from H.E.B. Pharmacy

19.  Plaintiff's medical/pharmacy records and/or billing from Drug Emporium Pharmacy

20.  Pictures of scene of accident taken by Ashley Taylor Border Patrol Agent.

21.  Pictures of scene of accident.

22.  Letter date May 3, 2000, from Yolanda Rayner to U.S. Border Patrol along with Claim from Damage, Injury, or Death and inventory list of property damage.

23.  Letter dated June 5, 2000, from Yolanda Rayner to U.S. Border Patrol.

24.  Letter dated June 12, 2000, from Karen Severn denying Yolanda Rayner's claim.

25.  Plaintiff hereby incorporates by reference all deposition testimony and exhibits attached thereto, of the following persons deposed and/or anticipated to be deposed in the instant case:

A)      Marilyn Kay Miles
5034 Boca Chica Blvd. #23
Brownsville, Texas 78520

Shawn David Henderson
U.S. Border Patrol Agent involved in accident

Stephen L. Hill
Assistant Chief Patrol Agent

Juan Buentello
Supervisory Border Patrol Agent

James R. Sanderlin
Supervisory Border Patrol Agent

John Gunnoe
Supervisory Boarder Patrol Agent
Ashley Taylor
Border Patrol Agent

Juan Lopez
Assistant Patrol Agent in Charge

Jose E. Garza
Chief Patrol Agent

27.     Plaintiff hereby incorporates by reference all of Defendant's discovery responses.

B. Defendant's Exhibit List

See Attached Exhibit List

## 11. WITNESSES

Yolanda Rayner
Rt 8 Box 678-C
Brownsville, Texas 78520

Andres Garcia, ID#8678
Department of Public Safety - THP

Beatriz Esparza
Sister of Claimant/Victim
3369 Chardonnay
Brownsville, Texas 78521

Marilyn Kay Miles
5034 Boca Chica Blvd. #23
Brownsville, Texas 78520

Shawn David Henderson
U.S. Border Patrol Agent involved in accident

Stephen L. Hill
Assistant Chief Patrol Agent

Juan Buentello
Supervisory Border Patrol Agent

James R. Sanderlin
Supervisory Border Patrol Agent

John Gunnoe
Supervisory Boarder Patrol Agent

Ashley Taylor
Border Patrol Agent

Juan Lopez
Assistant Patrol Agent in Charge

Jose E. Garza
Chief Patrol Agent

City of Brownsville EMS
954 E. Madison Street
Brownsville, Texas 78522

Employees/Agents/and or Representatives for
City of Brownsville EMS
954 E. Madison Street
Brownsville, Texas 78522

Custodian of Records for
City of Brownsville EMS
954 E. Madison Street
Brownsville, Texas 78522

Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Custodian of Records for
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

William McKinney, M.D.
Brownsville Radiology
820 W. Price Rd., Ste. A
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
William McKinney, M.D.
Brownsville Radiology
820 W. Price Rd., Ste. A
Brownsville, Texas 78520

Custodian of Records for
William McKinney, M.D.
Brownsville Radiology
820 W. Price Rd., Ste. A
Brownsville, Texas 78520

Anant K. Utturkar, M.D.
2390 Central Blvd., Ste. Y
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Anant K. Utturkar, M.D.
2390 Central Blvd., Ste. Y
Brownsville, Texas 78520

Custodian of Records for
Anant K Utturkar, M.D.
2390 Central Blvd., Ste. Y
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Tanner Emergency Physicians
P.O. Box 41651
Philadelphia, PA 19101-1651

Custodian of Records for
Tanner Emergency Physicians
P.O. Box 41651
Philadelphia, PA 19101-1651

William J. Elkins, M.D.
800 W. Jefferson #230
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
William J. Elkins, M.D.
800 W. Jefferson #230
Brownsville, Texas 78520

Custodian of Records for
William J. Elkins, M.D.
800 W. Jefferson #230
Brownsville, Texas 78520

Marcos Reis, M.D.
864 Central Blvd., Ste. 700
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Marcos Reis, M.D.
864 Central Blvd., Ste. 700
Brownsville, Texas 78520

Custodian of Records for
Marcos Reis, M.D.
864 Central Blvd., Ste. 700
Brownsville, Texas 78520

Luis M. Garcia, M.D.
2390 Central Blvd., Ste. M
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Luis M. Garcia, M.D.
2390 Central Blvd., Ste. M
Brownsville, Texas 78520

Custodian of Records for
Luis M. Garcia, M.D.
2390 Central Blvd., Ste. M
Brownsville, Texas 78520

Roberto Lozano, M.D.
844 Central Blvd., Ste. 330
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Roberto Lozano, M.D.
844 Central Blvd., Ste. 330
Brownsville, Texas 78520

Custodian of Records for
Roberto Lozano, M.D.
844 Central Blvd., Ste. 330
Brownsville, Texas 78520

Bangalore Lakshmikanth, M.D.
315 Jose Marti Blvd.
Brownsville, Texas 78521

Employees/Agents/and or Representatives for
Bangalore Lakshmikanth, M.D.
315 Jose Marti Blvd.
Brownsville, Texas 78521

Custodian of Records for
Bangalore Lakshmikanth, M.D.
315 Jose Marti Blvd.
Brownsville, Texas 78521

Brownsville Physical Therapy
1714 Boca Chica Blvd
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Brownsville Physical Therapy
1714 Boca Chica Blvd
Brownsville, Texas 78520

Custodian of Records for
Brownsville Physical Therapy
1714 Boca Chica Blvd
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Startex Medical Services
4121 North 10TH Street
Brownsville, Texas 78520

Custodian of Records for
Startex Medical Services
4121 North 10TH Street
Brownsville, Texas 78520

Jose Kuri
100B Alton Gloor Blvd., Ste. 140
Brownsville, Texas 78526

Employees/Agents/and or Representatives for
Jose Kuri
100B Alton Gloor Blvd., Ste. 140
Brownsville, Texas 78526

Custodian of Records for
Jose Kuri
100B Alton Gloor Blvd., Ste. 140
Brownsville, Texas 78526

Rio Grande Valley Imagining
501 B Ed Carey Drive
Harlingen, Texas 78550

Employees/Agents/and or Representatives for
Rio Grande Valley Imagining
501 B Ed Carey Drive
Harlingen, Texas 78550

Custodian of Records for
Rio Grande Valley Imagining
501 B Ed Carey Drive
Harlingen, Texas 78550

Dr. Bruce Berberian
Valley Radiology & Associates
1620 Ed Carey Drive
Harlingen, Texas 78550

Employees/Agents/and or Representatives for
Dr. Bruce Berberian
Valley Radiology & Associates
1620 Ed Carey Drive
Harlingen, Texas 78550

Custodian of Records for
Dr. Bruce Berberian
Valley Radiology & Associates
1620 Ed Carey Drive
Harlingen, Texas 78550

Brownsville Open MRI
908 Paredes Line Road
Brownsville, Texas 78521

Employees/Agents/and or Representatives for
Brownsville Open MRI
908 Paredes Line Road
Brownsville, Texas 78521

Custodian of Records for
Brownsville Open MRI
908 Paredes Line Road
Brownsville, Texas 78521

Charles Fisher
read film for Brownsville Open MRI

Employees/Agents/and or Representatives for
Charles Fisher
read film for Brownsville Open MRI

Custodian of Records for
Charles Fisher
read film for Brownsville Open MRI

Richardo Adobbati, M.D.
1134 Los Ebanos Blvd.
Brownsville, Texas 78520

Employees/Agents/and or Representatives for
Richardo Adobbati, M.D.
1134 Los Ebanos Blvd.
Brownsville, Texas 78520

Custodian of Records for
Richardo Adobbati, M.D.
1134 Los Ebanos Blvd.
Brownsville, Texas 78520

Brian Abraham, P.T.
Brownsville Physical Therapy
1714 Boca Chica Blvd
Brownsville, Texas 78520

Dr. G. S. Kang
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Ruben Lerma
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Dr. Robles
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Victor Gonzalez
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Timothy Roger Brown
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Dr. Rhodes, Anestesilogist
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Dr. Paul Lenz
Brownsville Medical Center
1040 West Jefferson
Brownsville, Texas 78520

Plaintiff reserves the right to call any rebuttal witnesses as may be deemed necessary during the course of trial.

B.          Defendant's Witnesses

The Defendant has no other witnesses other than those named by the Plaintiff herein. The Defendant, however, does reserve the right to call any rebuttal witnesses as may be deemed necessary during the course of trial.

## 12. SETTLEMENT

There have been no settlement offers made.   Parties anticipate agreeing to mediation.

## 13. TRIAL

A.     Probable length of trial; one week

B.     Logistical problems, including availability of witnesses, bulky exhibits and demonstrations.

## 14. ATTACHMENTS

A.     (1)     Proposed questions for the voir dire examination; none bench trial

(2)     Proposed charge, including instructions, definitions; none bench trial.

Date: _____          _____
                                        United States District Judge

Approved by:

Date: 11/19/01

J. A. Magallanes
Texas Bar No. 12809500
Federal I.D. No. 2258
Carlos Escobar
Texas Bar No. 24025351
Federal I.D. No. 25649
Magallanes, Hinojosa & Mancias, P.C.
1713 Boca Chica Blvd
Brownsville, Texas 78520
(956) 544-6571 - voice
(956) 544-4290 - fax
Attorneys for Plaintiff

Date: 11/19/01

Nancy L. Masso
Assistant United States Attorney
Texas Bar No. 00800490
Federal I.D. No. 10263
600 E. Harrison St., No. 201
Brownsville, Texas 78520
(956) 548-2554 - voice
(956) 548-2549 - fax
Attorney in Charge for Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| YOLANDA RAYNER<br><br>vs.<br>UNITED STATES OF AMERICA | CIVIL ACTION Nº. B-00-145 |

**Court Room Deputy:**

**Court Reporter:**

**WITNESS(es):**                    **Judge: Magistrate Judge Felix Recio**

**Shawn Henderson**              **AUSA: Nancy Masso**
**M. Kaye Miles**

**J.D. Gunnoe**                      **Opposing Counsel: J.A. Magallanes**

**Juan Buentello**                   **Held at: 600 E. Harrison, Brownsville, Texas**

**Yolanda Rayner**                 **Date: December 19, 2001**

**James Sanderlin**              **Court Trial: X  Jury Trial:__Hearing:__**

**DPS Trooper Andres Garcia**    **Exhibit List of the United States of America**

## EXHIBIT LIST                       Page 1 of 1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 9 Photos of Accident Scene | | | | | | | |
| 2 | Photos Provided by Plaintiff at Bate Stamped Pages 40-53 | | | | | | | |
| 3 | DPS Accident Report | | | | | | | |
| 4 | Deposition of M. Kaye Miles | | | | | | | |
| 5 | Border Patrol Accident Report with Attachments | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**YOLANDA RAYNER**
v.                                          **CIVIL ACTION NO. B-00-145**

**UNITED STATE OF AMERICA**

**Judge Felix Recio**                       **Exhibit List**

                                            **Case Manager: Irma Soto**
                                            **Court Reporter: _____**

        **List of**           **Proceeding**           **Date**

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | Plaintiff's Medical records and billing from the City of Brownsville EMS, 954 E. Madison Street, Brownsville, Texas 78522 | | |
| 2 | Plaintiff's Medical records and billing from Brownsville Medical Center, 1040 West Jefferson, Brownsville, Texas 78520. | | |
| 3 | Plaintiff's Medical billing from William McKinney, M.D., Brownsville Radiology, 820 W. Price Rd., Ste. A, Brownsville, Texas 78520. | | |
| 4 | Plaintiff's Medical billing from Anant k. Utturkar, M.D., 2390 Central Blvd., Ste. Y, Brownsville, Texas 78520. | | |
| 5 | Plaintiff's Medical records and billing from Tanner Emergency Physicians, P.O. Box 41651, Philadelphia, PA 19101-1651. | | |
| 6 | Plaintiff's Medical records and billing from Startex Medical Services, 4121 North 10TH Street, Brownsville, Texas 78520. | | |
| 7 | Plaintiff's Medical records and billing from William J. Elkins, M.D., 800 W. Jefferson #230, Brownsville, Texas 78520 | | |
| 8 | Plaintiff's Medical records and billing from Marcos Reis, M.D., 864 Central Blvd., Ste. 700, Brownsville, Texas 78520. | | |
| 9 | Plaintiff's Medical records and billing from Luis M. Garcia, M.D., 2390 Central Blvd., Ste. M, Brownsville, Texas 78520. | | |

| 10 | Plaintiff's Medical records and billing from Roberto Lozano, M.D., 844 Central Blvd., Ste. 330, Brownsville, Texas 78520. | | |
|----|---|---|---|
| 11 | Plaintiff's Medical records and billing from Bangalore Lakshmikanth. M.D., 315 Jose Marti Blvd., Brownsville, Texas 78521. | | |
| 12 | Plaintiff's Medical records and billing from Brownsville Physical Therapy, 1714 Boca Chica Blvd., Brownsville, Texas 78520 | | |
| 13 | Plaintiff's Medical records and billing from Jose Kuri, | | |
| 14 | Plaintiff's Medical records and billing from Rio Grande Valley Imagining, | | |
| 15 | Plaintiff's Medical records and billing from Richardo Adobbati, M.D., 1134 Los Ebanos Blvd., Brownsville, Texas 78520 | | |
| 16 | Plaintiff's Medical billing from Dr. Bruce Berberian | | |
| 17 | Plaintiff's Medical records and billing from Brownsville Open MRI, 908 Paredes Line Road, Brownsville, Texas 78521. | | |
| 18 | Plaintiff's medical/pharmacy records and/or billing from H.E.B. Pharmacy | | |
| 19 | Plaintiff's medical/pharmacy records and/or billing from Drug Emporium Pharmacy | | |
| 20 | Pictures of scene of accident taken by Ashley Taylor Border Patrol Agent. | | |
| 21 | Pictures of scene of accident. | | |
| 22 | Letter date May 3, 2000, from Yolanda Rayner to U.S. Border Patrol along with Claim from Damage, Injury, or Death and inventory list of property damage. | | |
| 23 | Letter dated June 5, 2000, from Yolanda Rayner to U.S. Border Patrol. | | |
| 24 | Letter dated June 12, 2000, from Karen Severn denying Yolanda Rayner's claim. | | |

| 25 | Plaintiff hereby incorporates by reference all deposition testimony and exhibits attached thereto, of the following persons deposed and/or anticipated to be deposed in the instant case:<br><br>Marilyn Kay Miles<br>5034 Boca Chica Blvd. #23<br>Brownsville, Texas 78520 | | |
| | Shawn David Henderson<br>U.S. Border Patrol Agent involved in accident | | |
| | Stephen L. Hill<br>Assistant Chief Patrol Agent | | |
| | Juan Buentello<br>Supervisory Border Patrol Agent | | |
| | James R. Sanderlin<br>Supervisory Border Patrol Agent | | |
| | John Gunnoe<br>Supervisory Boarder Patrol Agent | | |
| | Ashley Taylor<br>Border Patrol Agent | | |
| | Juan Lopez<br>Assistant Patrol Agent in Charge | | |
| | Jose E. Garza<br>Chief Patrol Agent | | |